March 29th, 2023

**ORIGINAL**

**Joshua Jordan**
6650 Rivers Ave STE 100
Charleston, SC, 29406
joshlegalstuff@gmail.com

**FILED**

MAR 3 0 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**Hon. Troy L. Nunley, U.S.D.J.**
Robert T. Matsui Federal Courthouse 501 I Street, Room 4-200
Sacramento, CA 95814

**BY FAX**

**Jordan v Provins (Case No: 2:23-cv-00287-TLN-CKD)**
REQUEST to FILE ELECTRONICALLY and RESPONSE TO DEFENDANTS EXTENSION

Dear Judge Nunely,

I'm the Plaintiff in this defamation action. I write to ask your permission to file a motion to (i) file papers electronically as well as (ii) respond to the extension of time request by the Defendant.

1. Good Cause To File Electronically. I am Pro Se in this case and live in South Carolina, which makes traveling to the Courtroom overly burdensome from both a time and financial standpoint, especially considering I'm unemployed at the moment and also a husband and father with 3 children all under the age of four. I'm familiar with the federal courts PACER system and have the competence necessary to use the application online.

2. Defendant's Request for Extension.
   a. I am Pro Se in this case, so it's possible I may be missing something but the statements made by the Defendant in his Extension Request seem to conflict with the correspondence presented by the Defendant's attorney, Nicholas Jollymore.
   b. The Defendant was served on March 7th, 2023. The Defendant's attorney emailed me a PDF letter on March 9th, 2023, which is attached on the following page. Jollymore indicated that he was representing the Defendant and stated that my complaint is "an abuse of the judicial process and a grave mistake" and that "Mr. Provins intends to move the court to strike the Complaint and seek recovery of his attorney fees."
   c. If the Defendant didn't have legal representation, why did he have Mr Jollymore represent himself as his attorney and demand the case be dismissed within 48 hours of being served?
   d. Further, why didn't the Defendant follow through with his intention to move to strike? Because I'm Pro Se and don't have an attorney like the Defendant clearly does, I was spending a good amount of time researching how to draft a response to a motion to strike.
   e. Lastly, this letter is the only communication I have from both the Defendant and his attorney, Nicholas Jollymore. It never mentions anything about an extension.

I respectfully ask Your Honor to consider these facts when making a decision to grant my request to file electronically as well deciding on how to proceed with the Defendant's request for an extension.

Respectfully,

/s/ Joshua Jordan

# JOLLYMORE LAW OFFICE, P.C.

ONE RINCON HILL
425 1ST ST.
SAN FRANCISCO, CA 94105

(415) 829-8238
(415) 308-2805

NICHOLAS J. JOLLYMORE
PRESIDENT

March 9, 2023

<u>Via Post and email:</u>      joshlegalstuff@gmail.com
johnkeenan@warranlaw.com

Mr. Joshua Jordan
1650 Indy Drive
North Charleston, SC 29504

John J. Keenan, Esq.
445 S. Figueroa St.
Los Angeles, CA 90071

Re: _Jordan v. Provins_, No. 2:23-cv-00287 TLN CKD(PS) (E.D. Cal. 2022)

Dear Mr. Jordan and Mr. Keenan:

I am writing regarding the captioned defamation lawsuit Mr. Jordan filed last month against Matthew Provins in the Eastern District of California. I have included Mr. Keenan because, although he does not represent Mr. Jordan in the matter, I hope he will provide him with the counsel he needs to avoid a self-inflicted disaster.

The new complaint is deficient in many respects, and even if it is repleaded it will not state a claim for defamation. Like the defamation complaint Prehired, LLC filed against Mr. Provins last year, Mr. Jordan's new complaint against Mr. Provins cannot survive First Amendment scrutiny and will be subject to a motion to strike under the California anti-SLAPP law.

The two statements that the new lawsuit complains about are not capable of supporting a defamation claim. First, Mr. Provins' characterization as "bribery" of Mr. Jordan's offer to compensate people for information he could use to sue Mr. Provins is a protected opinion. Second, Mr. Provins' characterization of the message of Mr. Jordan's public lecture as an endorsement of "using fear" also is protected opinion.

Joshua Jordan
John J. Keenan
March 9, 2023
Page: 2

Unlike the earlier complaint, however, the attorneys' fees awarded when Mr. Provins prevails on his anti-SLAPP motion will be against Mr. Jordan personally — not against Prehired. This lawsuit is an abuse of the judicial process and is a grave mistake. If Mr. Jordan does not respond by Monday, March 13, 2023 that he will dismiss the lawsuit with prejudice, Mr. Provins intends to move the court to strike the Complaint and will seek recovery of his attorneys' fees.

Very truly yours,

Nicholas J. Jollymore